PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
JOANN BABIAK (SBN 209535)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701
Email: pcogan@ropers.com; kcurry@ropers.com
       jbabiak@ropers.com

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SPEARS,<br><br>           Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; and Does 1 through 10, inclusive,<br><br>           Defendants. | CASE NO. C 07-04705 MEJ<br><br>[formerly Superior Court Case C07-01659]<br><br>**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO THE COMPLAINT OF PLAINTIFF MONICA SPEARS**<br><br>**DEMAND FOR JURY TRIAL [Fed. R. Civ. Proc., Rule 38(a)]** |

Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("Liberty Life") in answer to the Complaint of plaintiff MONICA SPEARS ("Plaintiff") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

1. Answering the allegations contained in paragraph 1 of the Complaint, this answering defendant admits, on information and belief, that plaintiff was a Parking and Transportation Assistant for the University of California at Berkeley. As to the remaining allegations contained in paragraph 1 of the Complaint, this answering defendant lacks information and belief sufficient

to admit or deny and on that basis denies the remaining allegations contained therein.

2. Answering the allegations contained in paragraph 2 of the Complaint, this answering defendant denies the allegations therein.

3. Answering the allegations contained in paragraph 3 of the Complaint, this answering defendant admits that plaintiff was involved in an automobile accident and has undergone back surgeries. As to the remaining allegations contained in paragraph 3 of the Complaint, this answering defendant lacks information and belief sufficient to admit or deny and on that basis denies the remaining allegations contained therein.

4. Answering the allegations contained in paragraph 4 of the Complaint, this answering defendant lacks information and belief sufficient to admit or deny and on that basis denies the allegations contained therein.

5. Answering the allegations contained in paragraph 5 of the Complaint, this answering defendant admits plaintiff stopped work on June 9, 2004 and denies the remaining allegations contained therein.

6. Answering the allegations contained in paragraph 6 of the Complaint, this answering defendant denies each and every allegation contained therein.

7. Answering the allegations contained in paragraph 7 of the Complaint, this answering defendant admits, on information and belief, that plaintiff is a resident and citizen of the State of California.

8. Answering the allegations contained in paragraph 8 of the Complaint, this answering defendant admits the allegations contained therein.

9. Answering the allegations contained in paragraph 9 of the Complaint, this answering defendant lacks information and belief sufficient to admit or deny and on that basis denies the allegations contained therein.

10. Answering the allegations contained in paragraph 10 of the Complaint, this answering defendant lacks information and belief sufficient to admit or deny and on that basis denies the allegations contained therein.

11. Answering the allegations contained in paragraph 11 of the Complaint, this answering

defendant admits that it issued a group disability insurance policy to the University of California. This answering defendant further admits, on information and belief, that plaintiff was covered for the Supplemental Disability Insurance Plan. As to the remaining allegations contained in paragraph 11 of the Complaint, this answering defendant denies the allegations contained therein.

12. Answering the allegations contained in paragraph 12 of the Complaint, this answering defendant denies the allegations contained therein on the grounds they are an incomplete summary of the policy, which speaks for itself.

13. Answering the allegations contained in paragraph 13 of the Complaint, this answering defendant denies the allegations contained therein.

14. Answering the allegations contained in paragraph 14 of the Complaint, this answering defendant denies the allegations contained therein as an incomplete summary of the medical records, which speak for themselves.

15. Answering the allegations contained in paragraph 15 of the Complaint, this answering defendant admits that plaintiff's claim for short term disability benefits was approved on or about July 29, 2004. Defendant denies the remaining allegations contained therein as an incomplete and inaccurate summary of the July 29, 2004 letter, which speaks for itself.

16. Answering the allegations contained in paragraph 16 of the Complaint, this answering defendant denies the allegations contained therein.

17. Answering the allegations contained in paragraph 17 of the Complaint, this answering defendant admits that Liberty sent a letter to plaintiff dated December 29, 2004. As to the remaining allegations contained in paragraph 17 of the Complaint, this answering defendant denies the allegations contained therein as an incomplete and inaccurate summary of the letter, which speaks for itself.

18. Answering the allegations contained in paragraph 18 of the Complaint, this answering defendant admits that Liberty received a letter dated January 7, 2005 from the firm of Doherty, Cella, Keane & Associates. As to the remaining allegations contained in paragraph 18 of the Complaint, this answering defendant denies the allegations contained therein as an incomplete summary of the letter, which speaks for itself.

19. Answering the allegations contained in paragraph 19 of the Complaint, this answering defendant admits on information and belief that Dr. Bobby Tay sent a letter dated February 16, 2005 to UC Berkeley Department of Parking and Transportation. As to the remaining allegations contained in paragraph 19 of the Complaint, this answering defendant denies the allegations contained therein on the grounds that they are an inaccurate characterization of the contents and an incomplete summary of the letter, which speaks for itself.

20. Answering the allegations contained in paragraph 20 of the Complaint, this answering defendant admits that Field Surveillance information was obtained for Thursday May 26, 2005, Friday, May 27, 2005 and Saturday, May 28, 2005 and that plaintiff was not observed during the surveillance conducted on these days. As to the remaining allegations contained in paragraph 20 of the Complaint, this answering defendant denies the allegations contained therein.

21. Answering the allegations contained in paragraph 21 of the Complaint, this answering defendant denies the allegations contained therein on the grounds that they are an incomplete summary of the information plaintiff provided, which speaks for itself.

22. Answering the allegations contained in paragraph 22 of the Complaint, this answering defendant denies the allegations contained therein on the grounds that they are an incomplete and inaccurate summary of Dr. Tay's July 13, 2005 record, which speaks for itself.

23. Answering the allegations contained in paragraph 23 of the Complaint, this answering defendant admits the allegations contained therein.

24. Answering the allegations contained in paragraph 24 of the Complaint, this answering defendant admits that Liberty sent plaintiff a letter dated July 19, 2005. As to the remaining allegations contained in paragraph 24 of the Complaint, this answering defendant denies the allegations contained therein on the grounds that they are an incomplete summary of the contents of the letter, which speaks for itself.

25. Answering the allegations contained in paragraph 25 of the Complaint, this answering defendant admits on information and belief that plaintiff received a letter from the Social Security Administration dated August 5, 2005. As to the remaining allegations contained in paragraph 25 of the Complaint, this answering defendant denies the allegations contained therein.

1  26. Answering the allegations contained in paragraph 26 of the Complaint, this answering
2  defendant admits that Liberty sent plaintiff a letter dated August 5, 2005. As to the remaining
3  allegations contained in paragraph 26 of the Complaint, this answering defendant denies the
4  allegations contained therein.
5  27. Answering the allegations contained in paragraph 27 of the Complaint, this answering
6  defendant denies the allegations contained therein on the grounds that they are an inaccurate and
7  incomplete summary of Dr. Tay's record, which speaks for itself.
8  28. Answering the allegations contained in paragraph 28 of the Complaint, this answering
9  defendant denies the allegations contained therein on the grounds that they are an inaccurate and
10 incomplete summary of Dr. Tay's record, which speaks for itself.
11 29. Answering the allegations contained in paragraph 29 of the Complaint, this answering
12 defendant admits on information and belief that on January 12, 2006 Dr. Tay operated on
13 plaintiff. As to the remaining allegations contained in paragraph 29 of the Complaint, this
14 answering defendant denies the allegations contained therein on the grounds that they are an
15 inaccurate and incomplete summary of the medical record, which speaks for itself.
16 30. Answering the allegations contained in paragraph 30 of the Complaint, this answering
17 defendant admits on information and belief that on May 10, 2006 Dr. Tay wrote a letter to
18 plaintiff's employer. As to the remaining allegations contained in paragraph 30 of the Complaint,
19 this answering defendant denies the allegations contained therein on the grounds that they are an
20 inaccurate and incomplete summary of the letter, which speaks for itself.
21 31. Answering the allegations contained in paragraph 31 of the Complaint, this answering
22 defendant denies the allegations contained therein.
23 32. Answering the allegations contained in paragraph 32 of the Complaint, this answering
24 defendant denies the allegations contained therein.
25 33. Answering the allegations contained in paragraph 33 of the Complaint, this answering
26 defendant denies the allegations contained therein.
27 34. Answering the allegations contained in paragraph 34 of the Complaint, this answering
28 defendant denies the allegations contained therein.

35. Answering the allegations contained in paragraph 35 of the Complaint, this answering defendant incorporates its responses to paragraphs 1 through 34 as though fully set forth herein.

36. Answering the allegations contained in paragraph 36 of the Complaint, this answering defendant denies each and every allegation contained therein.

37. Answering the allegations contained in paragraph 37 of the Complaint, this answering defendant denies the allegations contained therein.

38. Answering the allegations contained in paragraph 38 of the Complaint, this answering defendant denies the allegations contained therein.

39. Answering the allegations contained in paragraph 39 of the Complaint, this answering defendant denies the allegations contained therein.

40. Answering the allegations contained in paragraph 40 of the Complaint, this answering defendant denies the allegations contained therein.

41. Answering the allegations contained in paragraph 41 of the Complaint, this answering defendant denies the allegations contained therein.

42. Answering the allegations contained in paragraph 42 of the Complaint, this answering defendant denies the allegations contained therein.

43. Answering the allegations contained in paragraph 43 of the Complaint, this answering defendant incorporates its responses to paragraphs 1 through 42 as though fully set forth herein.

44. Answering the allegations contained in paragraph 44 of the Complaint, this answering defendant denies the allegations contained therein as an incomplete and inaccurate summary of the terms and conditions of the policy, which speaks for itself.

45. Answering the allegations contained in paragraph 45 of the Complaint, this answering defendant denies the allegations contained therein.

46. Answering the allegations contained in paragraph 46 of the Complaint, this answering defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Conditions Precedent)

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that, at all times and places mentioned in the Complaint herein, plaintiff failed to perform certain conditions precedent to the duty of responding party. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said condition excused responding party's obligations under the contract, and has given responding party the right of disaffirmance, rescission and release; plaintiff is thereby barred from recovery herein.

### THIRD AFFIRMATIVE DEFENSE

### (No Coverage/Barred by Terms and Conditions)

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the claims alleged against defendant, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the group disability income policy issued by this answering defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiff failed to mitigate the amount of her damages. The damages claimed by plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery under the complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Excessive Fines)

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code Section 3294, violates defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the exemplary or punitive damages claimed.

### SEVENTH AFFIRMATIVE DEFENSE

(Substantive Due Process)

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief, and on that basis alleges, that plaintiff's complaint, and each cause of action stated therein, violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the exemplary or punitive damages claimed.

### EIGHTH AFFIRMATIVE DEFENSE

(Procedural Due Process)

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's complaint, to the extent it seeks exemplary or punitive damages pursuant to Civil Code Section 3294, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

### NINTH AFFIRMATIVE DEFENSE

(Set Off)

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiff's recovery, if any, against the defendants must be off-set by all amounts of overpayment of benefits to plaintiff and any interest owed thereon and by any other amounts appropriate for set-off.

## TENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that plaintiff cannot assert any of the contractual claims contained in her complaint because plaintiff herself materially breached said contract.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint is barred by the Doctrine of Unclean Hands.

**WHEREFORE**, this answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by her complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: September 20, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By /s/
PAMELA E. COGAN
KATHRYN C. CURRY
JOANN BABIAK
Attorneys for Defendant LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON

## DEMAND FOR JURY TRIAL

Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON hereby demands a trial by jury pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 20, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
PAMELA E. COGAN
KATHRYN C. CURRY
JOANN BABIAK
Attorneys for Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON